IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BASF CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 3:17-CV-01352 |
| JOE L. POWERS, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF BASF CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff BASF Corporation submits this Memorandum in support of its Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. As stated here, this is a straightforward action on a personal guaranty entered into by Defendant Joe L. Powers ("Powers"). The pertinent facts giving rise to liability are undisputed, and BASF is entitled to judgment as a matter of law.

**UNDISPUTED FACTS**

Joe L. Powers is the majority owner of a corporation called South East Color, Inc. ("South East Color") and experienced in complex commercial arbitration and litigation, having been a Certified Public Accountant and having served as the Chief Financial Officer and Company Secretary of Thomas Nelson, Inc., the well-known Nashville based publicly traded company which was listed on the New York Stock Exchange In 2009, South East Color entered into an agreement to distribute automotive paint products sold by BASF.

In early 2016, South East Color filed a lawsuit against BASF, and those claims were ordered to arbitration by the United States District Court for the Middle District of Tennessee, *South East Color, Inc. v. BASF Corp.*, Case Number 3:16-cv-00877.

South East Color initiated an arbitration proceeding against BASF with the American Arbitration Association, and BASF asserted counterclaims against South East Color in that proceeding.

An arbitration hearing was conducted in Nashville in June 2017, in which Matthew J. Sweeney of the Baker, Donelson firm served as the Arbitrator. On September 8, 2017, the Arbitrator entered a final award (hereinafter "Final Award") on the merits, awarding BASF $88,159.26 and finding against South East Color on its claims against BASF. A copy of the Final Award is attached as Exhibit A.

At or about the same time that South East Color entered into a distribution agreement with BASF, Joe L. Powers executed a Personal Guaranty which provided that Powers agreed to pay "the full amount of all obligations or indebtedness due" to BASF from South East Color. Exhibit B, Paragraph 1.[1] The Personal Guaranty further provided that the obligation of Powers to BASF was a "primary, absolute and unlimited guaranty of payment." Exhibit B, Paragraph 4.

The Personal Guaranty further provided that BASF is entitled to recover "expenses of collection and reasonable counsel fees incurred by BASF by reason of the default of [South East Color] or incurred by BASF by reason of its enforcement of this Guaranty against the undersigned." Exhibit B, Paragraph 1.

## ARGUMENT

Fed. R. Civ. P. 12(c) provides that either party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer unless a counterclaim, cross-claim or third-party claim is

---

[1] The Court may consider the terms of the guaranty and the award without converting this motion to a motion for summary judgment because those documents are central to the Plaintiff's claim and are considered part of the pleadings. *Beasley v. Wells Fargo Bank, N.A.*, 2017 WL 3387046, at *3 (M.D. Tenn. Aug. 7, 2017).

imposed. "[A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed.2004)(footnotes omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place, LLC,* 539 F.3d 545, 549 (6th Cir.2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir.2007)). A court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir.1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir.1991).

Powers does not and cannot dispute that a final arbitration award has been entered and that South East Color owes $88,159.26 to BASF pursuant to that Award. He cannot dispute the arbitration award because he wrote a letter to the AAA complaining about it. Powers also does not and cannot dispute that he executed the Personal Guaranty which provided that Powers agreed to pay "the full amount of all obligations or indebtedness due" to BASF from South East Color and also provided that the obligation of Powers to BASF was a "primary, absolute and unlimited guaranty of payment." Exhibit B, Paragraphs 1 and 4. Under the clear and unambiguous terms of the Guaranty, Powers is liable to BASF for the debt owed by South East Color.

WHEREFORE, BASF respectfully moves the Court to enter judgment in its favor against Powers in the amount of $88,159.26, plus expenses and attorneys' fees.

*/s/ Wynn M. Shuford*
                                                        Attorney for Plaintiff BASF Corporation

OF COUNSEL:

Wynn M. Shuford (Admitted *Pro Hac Vice*)
(TN Bar No. 27900 - Admission Pending)
wshuford@lightfootlaw.com
Amie A. Vague (TN Bar No. 32410)
avague@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (Fax)

Blake D. Roth (BPR No. 031499)
Blake.Roth@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
(615) 244-6804 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants (if applicable).

>   Jay S. Bowen (TN BPR No. 2649)
>   jbowen@shackelfordlaw.net
>   Will Parsons (TN BPR No. 26519)
>   wparsons@shackelfordlaw.net
>   Lauren Kilgore (TN BPR 030219)
>   lkilgore@shackelfordlaw.net
>   SHACKELFORD BOWEN MCKINLEY & NORTON, LLP
>   47 Music Square East
>   Nashville, TN 37203

                                                        /s/*Wynn M. Shuford*
                                                        Of Counsel