IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BASF CORPORATION, ) | |
| ) | |
| Plaintiff ) | |
| ) | NO. 3:17-cv-1352 |
| v. ) | JUDGE TRAUGER |
| ) | |
| JOE L. POWERS, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM**

Pending before the court is Plaintiff's Motion for Judgment on the Pleadings (Docket No. 19). For the reasons stated herein, Plaintiff's Motion will be denied.

BACKGROUND

Plaintiff BASF Corporation ("BASF") filed this action to recover monies allegedly owed to it by Defendant Powers, pursuant to a Personal Guaranty (Docket No. 20-2) dated September 27, 2009. Powers is the majority owner of South East Color, Inc. ("SEC"). In 2009, SEC entered into an agreement to distribute automotive paint products sold by BASF. At that time, Powers signed the Personal Guaranty at issue herein. The Personal Guaranty provides that Powers will pay "the full amount of all obligations or indebtedness due" to BASF and that Powers' obligation to BASF is a "primary, absolute and unlimited guaranty of payment." Docket No. 20-2.

In early 2016, SEC filed suit against BASF in this court (Case No. 3:16-cv-0877). That lawsuit was dismissed on June 27, 2016, when the court ordered the parties to arbitrate their dispute in accordance with their agreement. The result of that arbitration was a final award on the merits in

favor of BASF against SEC for $88,159.26. Docket No. 20-1. Now BASF attempts to collect that debt from Powers, pursuant to the Personal Guaranty.

## MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard for reviewing a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608 (6th Cir. 2014); *Beasley v. Wells Fargo Bank, N.A.*, 2017 WL 3387046 at * 3 (M.D. Tenn. Aug. 7, 2017). For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Crossville, Inc. v. Kemper Design Center, Inc.*, 2010 WL 2650731 at * 2 (M.D. Tenn. July 2, 2010) (citing *JPMorgan Chase Bank. N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007)).

In ruling on a motion under Rule 12(c), the court may look only at the "pleadings." *Beasley* at * 3. The term "pleadings" includes both the complaint and the answer. *Id.*; Fed. R. Civ. P. 7(a). The court may consider documents attached to the complaint and the answer, so long as they are central to the plaintiff's claim and of undisputed authenticity. *Beasley* at * 3. Documents attached to a motion are considered part of the pleadings only if they are referred to in the plaintiff's complaint and are central to its claim. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

BASF avers that a final arbitration award has been entered, and SEC owes $88,159.26 to BASF pursuant to that award. BASF also claims that there is no question that Powers executed the Personal Guaranty, which provides that Powers agrees to pay the full amount of all obligations or

2

indebtedness owed to BASF from SEC. BASF argues that, under the clear and unambiguous terms of the Personal Guaranty, therefore, Powers is liable to it for the debt owed by SEC and awarded to BASF by the arbitrator.

Powers, however, contends that he has raised five affirmative defenses in his Answer (Docket No. 16) that will defeat enforcement of the Personal Guaranty against him. BASF argues that the affirmative defenses are legal conclusions, not facts. The affirmative defenses in Powers' Answer are that BASF's claims are barred because of: (1) payment, set off, res judicata, release and/or accord and satisfaction; (2) estoppel and unclean hands; (3) release from the guaranty by activities of BASF; (4) guaranty unenforceable by operation of law; and (5) guaranty unenforceable because of lack or failure of consideration. Docket No. 16.

As noted, the court must consider a Rule 12(c) motion by taking all the well-pleaded material allegations of the pleadings of the opposing party (in this case, Powers) as true. *Notredan v. Old Republic Exchange Facilitator Co.,* 875 F.Supp.2d 780, 785 (W.D. Tenn. 2012). A legal conclusion couched as a factual allegation, however, need not be accepted as true. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). This court has previously stated that it may grant a plaintiff's motion for judgment on the pleadings if (1) the admissions in the defendant's answer entitled the plaintiff to judgment as a matter of law, and (2) the defendant's affirmative defenses do not require factual development. *Crossville,* 2010 WL 2650731 at * 2.

Here, Powers' affirmative defenses are not bare legal conclusions. They will require factual development in order to determine whether any has merit. The court must view those defenses in the light most favorable to Powers. BASF argues that the Personal Guaranty is unambiguous and, therefore, should be enforced as written. The court cannot, however, determine the credibility and

3

effect of Powers' affirmative defenses on the current motion. More facts must be developed for the court to rule on whether those defenses are viable.

Powers also contends that he has submitted his Declaration in support of his opposition to BASF's motion and raised "new matter," making the grant of BASF's motion inappropriate. Powers' Declaration is not part of the pleadings, however. As indicated above, the court must consider only the pleadings, and documents attached to Powers' response are considered only if they are referred to in BASF's Complaint and essential to its claims. Powers' Declaration is neither and, therefore, cannot be considered.

## CONCLUSION

For these reasons, Powers' Motion for Judgment on the Pleadings will be denied. An appropriate Order will enter.

IT IS SO ORDERED.

ENTER this 27th day of February 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE